# In the United States Court of Federal Claims

No. 19-1553T

(Filed:  August 13, 2020)

**NOT FOR PUBLICATION**

| | |
|---|---|
| GARTH COOPER, | Pro Se Complaint; Motion to Dismiss; |
| Plaintiff, | RCFC 12(b)(1); Dismissal for Lack of |
| | Subject Matter Jurisdiction; Claim |
| v. | Challenging IRS Lock-In Letter; Tax |
| | Refund Claim. |
| THE UNITED STATES, | |
| Defendant. | |

Garth Cooper, Decatur, GA, pro se.

Steven M. Chasin, Trial Attorney, with whom were Richard E. Zuckerman, Principal Deputy Assistant Attorney General, David I. Pincus, Chief, Mary M. Abate, Assistant Chief, Tax Division, Court of Federal Claims Section, Department of Justice, Washington, DC, for defendant.

OPINION

CAMPBELL-SMITH, J.

Before the court is defendant's motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC), or, alternatively, for failing to state a claim, pursuant to RCFC 12(b)(6).  See ECF No. 11.  In evaluating defendant's motion, the court considered:  (1) plaintiff's complaint, ECF No. 1; (2) defendant's motion to dismiss, ECF No. 11; (3) plaintiff's response, ECF No. 14; and (4) defendant's reply, ECF No. 16.  Oral argument was deemed unnecessary.  For the following reasons, defendant's motion to dismiss is **GRANTED**.

I.      Background

Plaintiff filed his complaint on October 2, 2019.  See ECF No. 1.  Plaintiff's claims appear to arise out of his receipt of a "lock-in letter" from the United States

Department of the Treasury, Internal Revenue Service (IRS).  See id. at 3-4.  The letter informed plaintiff that the IRS reviewed his Form W-4 and determined that he was not "entitled to claim exempt status," and that the IRS had therefore sent plaintiff's employer a "lock-in letter" instructing his workplace to begin withholding income taxes from his wages.  ECF No. 1-8 at 5.  Plaintiff alleges that this letter violates various laws including the Restructuring and Reform Act, P.L. 105-206 (July 22, 1998), Federal Debt Collection Procedures, 28 U.S.C. § 3001 et seq., and the regulations governing property seized by the IRS, cited by plaintiff as 26 C.F.R. § 1.6001-1(d) and 26 C.F.R. § 601.326.  See ECF No. 1 at 3-5.

Plaintiff also received, from an IRS employee, a letter he called "threatening and harsh" and a threat of "criminal prosecution and imprisonment."  Id. at 6.  The letter was sent "in reply to [plaintiff's] correspondence received Apr. 8, 2019" and stated that the arguments in plaintiff's correspondence were "frivolous and ha[d] no basis in law."  ECF No. 1-9 at 2.  The IRS also encouraged plaintiff "to seek advice from a reputable tax practitioner or attorney" and urged plaintiff "to honor those legal duties" to "file federal tax returns and pay taxes."  Id.  The letter included information about "some people who encourage others to violate our nation's tax laws by arguing that there is no legal requirement for them to file income tax returns or pay income taxes," and provided a list of places plaintiff could find information about paying taxes and about the IRS criminal enforcement program, which included the pertinent laws regarding filing requirements. Id. at 2-3.  Plaintiff alleges that the laws cited in that letter "may not be directly enforced against [plaintiff] without publication in the Federal Register of implementing regulations."  ECF No. 1 at 6.

Following his receipt of this correspondence, plaintiff filed suit in this court, arguing that he "has never made a voluntary ELECTION to gift or bequest any property to the United States."  Id. at 7.  Plaintiff alleges that the lock-in letter sent by the IRS violated federal laws and that he never owed any federal income tax in the first place. See id. at 3-5.  Specifically, plaintiff states that the IRS must "verify the taxpayer's liability" before any attempted collection, and plaintiff "has incurred no income tax liability."  Id. at 3.  Plaintiff supports this assertion with an affidavit wherein he states that he "contracts labor in the private sector for private companies & never any U.S. Federal Employers," and that he "do[es] not derive income from sources within the United States" and is "not a taxpayer."  Id. at 8.  Therefore, he requests that the court issue "an order for release of the Lock-in-Letter" and award him repayment of $400,000 "plus penalties and interest."  Id. at 7.  Plaintiff does not specify whether this repayment constitutes a refund or civil damages, though he does cite I.R.C. §§ 7433 and 7426 in noting that "the [Restructuring and Reform] Act now requires a taxpayer to exhaust [administrative] remedies before any civil damages are awarded."  Id. At 6-7.

Defendant filed a motion to dismiss on January 31, 2020 and included a certified copy of the official IRS record for plaintiff and Karis Monroe, as married filing joint

income taxes.  See ECF No. 11.  Defendant contends that this court does not have subject matter jurisdiction to hear plaintiff's claims, and, alternatively, that plaintiff has failed to state a claim.  See id. at 9.  Plaintiff responded in opposition, ECF No. 14, and defendant replied, ECF No. 16.

II.     Legal Standards

    A.      Pro Se Plaintiffs

    Plaintiff is proceeding pro se and is therefore entitled to a liberal construction of his pleadings.  See Haines v. Kerner, 404 U.S. 519, 520 (1972) (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers") (citations omitted).  Pro se plaintiffs are "not expected to frame issues with the precision of a common law pleading."  Roche v. U.S. Postal Serv., 828 F.2d 1555, 1558 (Fed. Cir. 1987).  Accordingly, the court has examined the complaint and plaintiff's briefing thoroughly to discern all of plaintiff's claims and legal arguments.

    B.      Dismissal for Lack of Jurisdiction, RCFC 12(b)(1)

    Pursuant to the Tucker Act, this court has the limited jurisdiction to consider "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."  28 U.S.C. § 1491(a)(1) (2012).

    To invoke this court's jurisdiction, plaintiff bears the burden of establishing by a preponderance of the evidence that his claims are based upon the Constitution, a statute, or a regulation that "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained."  United States v. Mitchell, 463 U.S. 206, 217 (1983) (quoting United States v. Testan, 424 U.S. 392, 400 (1976)); see also Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988).  In reviewing plaintiff's allegations in support of jurisdiction, the court must presume all undisputed facts are true and construe all reasonable inferences in plaintiff's favor.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800, 814-15 (1982); Reynolds, 846 F.2d at 747 (citations omitted).  If the court determines that it lacks subject matter jurisdiction, it must dismiss the complaint.  See RCFC 12(h)(3).

III.    Analysis

    A.      Jurisdiction

    Defendant argues in its motion to dismiss that the court lacks jurisdiction to consider plaintiff's claims because plaintiff has not identified any substantive, money-mandating claims in his complaint.  See ECF No. 11 at 15-16.  Defendant points out that

the two statutes plaintiff cites to invoke jurisdiction, specifically, 28 U.S.C. §§ 2463 and 1346(a)(1), do not "'affirmatively confer jurisdiction upon the federal courts.'"  Id. at 15 (quoting Bowers v. J&M Discount Towing, LLC, 472 F. Supp. 2d 1248, 1267 (D.N.M. 2006)).  And, the statutes cited by plaintiff in support of his monetary damages claim, I.R.C. §§ 7433 and 7426, "restrict these claims to the jurisdiction of the District Court."  Id. at 19.  Further, defendant argues, to the extent plaintiff is attempting to assert a refund claim, he has failed to satisfy the jurisdictional prerequisites for such a claim.  Id. at 16-19.

Plaintiff responds that "28 U.S.C. § 1346(a)(1) directly provides jurisdiction in this matter" and asserts that "counsel has not provided the law and implementing regulations that allows a non-judicial Seizures [sic]."  ECF No. 14 at 1, 2.  Plaintiff goes on to cite "the implementing regulation for seizures of property in the internal revenue code" as 26 C.F.R. § 601.326,[1] and to cite 28 U.S.C. § 2463 in support of his assertion that "**The Lock-in-Letter is not a court order**, thereby, violating the Restructuring and Reform Act Procedural safeguards and Title 28-Judiciary and Judicial Procedure Chapter 176 Federal Debt Collection Procedure."  Id. at 2 (emphasis in original).  Plaintiff also argues that defendant "did not answer nor provided [sic] the subpoena documents," and that the exhibits attached to defendant's motion are hearsay and "pertain[] to another person named Karis Monroe."  Id.

Defendant replies that plaintiff "does not dispute most of defendant's grounds for dismissal, and offers nothing new—factually or legally—to support jurisdiction."  ECF No. 16 at 1.  Defendant argues that plaintiff's failure to respond to the issues raised in defendant's motion constitutes a concession on those issues.  See id. at 1-2.  Defendant adds that the arguments plaintiff does make in his response are "meritless" because the statutes plaintiff cites are either not money-mandating or do not exist.  Id. at 2-3.  Moreover, defendant notes, the public records defendant filed with its motion make clear that plaintiff filed his taxes jointly with Karis Monroe.  Id. at 3-4 (citing ECF No. 11 at 30-40).

The court finds that plaintiff has not met his burden of establishing this court's subject matter jurisdiction.  Plaintiff clearly indicates his disagreement with the payment of income taxes both generally and specifically, as it relates to the lock-in letter issued by the IRS.  See ECF No. 1 at 3-5, 7.  The statutes plaintiff cites in support of this court's jurisdiction are not money-mandating statutes that operate to create jurisdiction in this court.  See Dumont v. United States, 345 Fed. App'x 586, 589 (Fed. Cir. 2009) (holding that 28 U.S.C. § 1346(a)(1) is "merely [a] jurisdictional provision[]"); Upshur v. United States, 135 Fed. Cl. 712, 713 (2017) (holding that 28 U.S.C. § 2463 is not money-mandating); Hebert v. United States, 114 Fed. Cl. 590, 595 (2014) (noting that I.R.C. § 6331 does not establish a private right of action for money damages).  And, plaintiff's

---

[1]     Although plaintiff cites this regulation in both his complaint, see ECF No. 1 at 5, and his response, see ECF No. 14 at 2, as defendant points out, it does not exist.

citation to the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq., ECF No. 1 at 4-5, is also unavailing—as that act does not mandate money damages. See, e.g., Cox v. United States, 105 Fed. Cl. 213, 219 (2012). Likewise, the statutes plaintiff cites in support of his civil damages claims, I.R.C. §§ 7433 and 7426, expressly restrict jurisdiction under those statutes to the district courts. See 26 U.S.C. § 7433(a); 26 U.S.C. § 7426(a).

Plaintiff also fails to assert a substantive claim that "'can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.'" Mitchell, 463 U.S. at 217 (quoting Testan, 424 U.S. at 400). "A tax refund claim, with very few exceptions, is the only type of tax dispute over which this court has jurisdiction." Artuso v. United States, 80 Fed. Cl. 336, 338 (2008) (citing New York Life Ins. Co. v. United States, 118 F.3d 1553, 1558 (Fed. Cir. 1997)). To establish this court's jurisdiction over a refund claim, a plaintiff is generally required to demonstrate that he has paid the full amount of the taxes he seeks to have refunded. See Ledford v. United States, 297 F.3d 1378, 1382 (Fed. Cir. 2002) (citing Flora v. United States, 362 U.S. 145, 177 (1960)). Even if the court understood plaintiff to be seeking a tax refund here, plaintiff has failed to allege that he either paid the full amount of the taxes he seeks to have refunded or that he filed a refund claim. See ECF No. 1.

B.    Transfer

Because the court has concluded that it lacks jurisdiction in this case, it must consider whether transfer to a court with jurisdiction is in the interests of justice:

> [w]henever a civil action is filed in [this] court . . . and [this] court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed . . .

28 U.S.C. § 1631 (2012). "Transfer is appropriate when three elements are met: (1) the transferring court lacks subject matter jurisdiction; (2) the case could have been filed in the court receiving the transfer; and (3) the transfer is in the interests of justice." Brown v. United States, 74 Fed. Cl. 546, 550 (2006) (citing 28 U.S.C. § 1631)."

The court has already determined that it lacks jurisdiction over plaintiff's claims. As noted by defendant, however, plaintiff's claims stem from his assertion that he is not liable for income tax. See ECF No. 1; ECF No. 11 at 26. These claims are frivolous and without merit. See, e.g., Ledford v. United States, 297 F.3d 1378, 1381 (Fed. Cir. 2002) (noting that "every court that has considered" claims that the "federal tax code does not tax compensation received for personal labor" has determined that those claims are "wholly without merit"). For this reason, transfer of plaintiff's claims to a federal district

court would not be in the interest of justice.  If plaintiff believes he has a viable claim that can be heard in another forum, he may pursue such a case independently.

IV.     Conclusion

Plaintiff does not assert any cognizable claim over which this court has subject matter jurisdiction.  Accordingly, defendant's motion to dismiss, ECF No. 11, is **GRANTED**.  The clerk's office is directed to **ENTER** final judgment **DISMISSING** plaintiff's complaint for lack of subject matter jurisdiction, in favor of defendant, **without prejudice**.

IT IS SO ORDERED.

s/*Patricia E. Campbell-Smith*
PATRICIA E. CAMPBELL-SMITH
Judge