# In the United States Court of Federal Claims

No. 19-1553T

(Filed:  December 15, 2020)

|  |  |  |
|---|---|---|
| GARTH COOPER, | ) ) ) | Pro Se Complaint; Motion for |
| Plaintiff, | ) ) | Reconsideration; RCFC 59. |
| v. | ) ) |  |
| THE UNITED STATES, | ) ) |  |
| Defendant. | ) ) |  |

## ORDER

On August 21, 2020, plaintiff Garth Cooper filed a motion for reconsideration of the court's August 13, 2020 opinion dismissing his complaint for lack of subject matter jurisdiction without prejudice.  See ECF No. 21.  No opposition brief from defendant was required by the rules of this court or requested by the court.  For the reasons stated herein, plaintiff's motion for reconsideration is **DENIED**.

I.      Background[1]

Plaintiff filed his complaint on October 2, 2019.  See ECF No. 1.  Plaintiff's claims appeared to arise out of his receipt of a "lock-in letter" from the United States Department of the Treasury, Internal Revenue Service (IRS).  See id. at 3-4.  The letter informed plaintiff that the IRS reviewed his Form W-4 and determined that he was not "entitled to claim exempt status," and that the IRS had therefore sent plaintiff's employer a "lock-in letter" instructing his workplace to begin withholding income taxes from his wages.  ECF No. 1-8 at 5.  Plaintiff alleged that this letter violated various laws and regulations.  See ECF No. 1 at 3-5.

Defendant filed a motion to dismiss for lack of subject matter jurisdiction on January 31, 2020.  See ECF No. 11.  On August 13, 2020, the court issued its opinion granting defendant's motion to dismiss, and dismissing plaintiff's complaint for lack of

---

[1] The relevant facts underlying plaintiff's complaint are contained in the court's August 13, 2020 opinion and, therefore, the court does not repeat those facts here.  See ECF No. 19.

subject matter jurisdiction.  See ECF No. 19 (opinion).  Plaintiff filed a motion for reconsideration of that decision on August 21, 2020.  See ECF No. 21.  The rules of this court do not require a response from defendant on a motion for reconsideration, and the court did not request one.  See Rules of the United States Court of Federal Claims (RCFC) Rule 59; RCFC 60.  The motion is therefore fully briefed and ripe for decision.

II.     Legal Standards

   A.     Pro Se Litigants

The court acknowledges that pro se plaintiffs are "not expected to frame issues with the precision of a common law pleading."  Roche v. U.S. Postal Serv., 828 F.2d 1555, 1558 (Fed. Cir. 1987).  Pro se plaintiffs are also entitled to a liberal construction of their pleadings.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  Therefore, the court reviews plaintiff's motion to ascertain whether, given the most favorable reading, it supports the requested relief.

   B.     Motion for Reconsideration

 Rule 59(a) governs a motion for reconsideration, and provides that rehearing or reconsideration may be granted:  "(A) for any reason for which a new trial has heretofore been granted in an action at law in federal court; (B) for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court; or (C) upon the showing of satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done to the United States."  RCFC 59(a)(1).

III.    Analysis

The court, "in its discretion, 'may grant a motion for reconsideration when there has been an intervening change in the controlling law, newly discovered evidence, or a need to correct clear factual or legal error or prevent manifest injustice.'"  Biery v. United States, 818 F.3d 704, 711 (Fed. Cir. 2016) (quoting Young v. United States, 94 Fed. Cl. 671, 674 (2010)).  Motions for reconsideration must be supported "'by a showing of extraordinary circumstances which justify relief.'"  Caldwell v. United States, 391 F.3d 1226, 1235 (Fed. Cir. 2004) (quoting Fru-Con Constr. Corp. v. United States, 44 Fed. Cl. 298, 300 (1999), aff'd, 250 F.3d 762 (2000)).  Such a motion, however, "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."  Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008) (quoting 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1 (2d ed. 1995)).  In addition, "a motion for reconsideration is not intended . . . to give an 'unhappy litigant an additional chance to sway' the court."  Matthews v. United States, 73 Fed. Cl. 524, 525 (2006) (quoting Froudi v. United States, 22 Cl. Ct. 290, 300 (1991)).

Plaintiff's motion for reconsideration is not a model of clarity, but can be fairly described as a re-argument that this court possesses jurisdiction to hear plaintiff's claims and an attempt to reargue the merits of his underlying claims. Plaintiff once again disputes the validity of defendant's exhibits filed with its motion to dismiss, arguing that they were "null and void ab initio as hearsay evidence as such exhibits didn't contain a bona fide signature" and should not have been relied on by the court. ECF No. 21 at 2. The court, however, is unable to identify any new evidence in plaintiff's filing that would warrant reconsideration of this court's August 13, 2020 opinion. See Exxon Shipping, 554 U.S. at 485. Re-argument of previously raised claims does not constitute "extraordinary circumstances which justify relief." See Caldwell, 391 F.3d at 1235.

Plaintiff has also failed to demonstrate an intervening change in controlling law or any clear error in the court's decision dismissing the complaint. See Biery, 818 F.3d 704, 711. It appears, instead, that this motion falls into the prohibited category of filings in which an unhappy litigant makes an additional attempt to sway the court. See Matthews, 73 Fed. Cl. at 525. Because plaintiff has not demonstrated any circumstances which would justify relief, plaintiff's motion must be denied.

IV.     Conclusion

Accordingly, plaintiff's motion for reconsideration, ECF No. 21, is **DENIED**. Without further order, the clerk's office is directed to **REJECT** any future submissions received by plaintiff that are not in compliance with this court's rules.

IT IS SO ORDERED.

s/*Patricia E. Campbell-Smith*
PATRICIA E. CAMPBELL-SMITH
Judge